IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD MITCHELL<br>102 Bethlehem Pike<br>Colmar, PA 18915 | :<br>:<br>: | CIVIL ACTION NO. |
| v. | :<br>:<br>: | |
| GEICO INSURANCE COMPANY<br>5260 Western Avenue,<br>Fredericksburg, VA 22403 | :<br>:<br>: | **COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiff, Edward Mitchell, is an adult individual; citizen and resident of the Commonwealth of Pennsylvania; and, resides at 102 Bethlehem Pike, Colmar, Pennsylvania 18915.

2. Defendant, Geico Insurance Company (hereinafter referred to as "Geico", is a corporation or other business entity authorized and licensed to sell and provide automobile financial responsibility insurance in the Commonwealth of Pennsylvania with its domicile and principal place of business located at 5260 Western Avenue, Fredericksburg, VA 22403.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that: - it is where a substantial part of the events or omissions given rise to the claim occurred.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. Plaintiff avers and incorporates by reference, the averments of Paragraphs 1 through 4 as though the same were fully set forth herein.

6. At all times material to this Civil Action, Plaintiff, Edward Mitchell, had a valid contract with the Defendant, Geico, consisting of a policy of automobile insurance, Policy No. 4509-03-31-99 covering the aforesaid motor vehicle. (See Declarations Page attached as Exhibit "A").

7. At all times relevant and material to this Civil Action, Plaintiff, Edward Mitchell, owned, operated, managed, possessed, controlled and/or leased a 2004 Toyota Camry, Pennsylvania License Plate No. ENT6772 and Vehicle Identification No. 4T1BE32K74U849496.

8. On or about January 13, 2022, at approximately 12:16 p.m., Plaintiff, Edward Mitchell, was the lawful owner and operator of a motor vehicle stopped in an northbound direction on North Main Street, at or near the driveway to 40 North Main Street, Hatfield, Montgomery County, Pennsylvania, when suddenly and without warning, was struck from behind by Emelda Sama Nyonka (hereinafter referred to as the "underinsured motorist") who was at all times relevant hereto an underinsured motorist resulting in serious bodily injuries hereinafter more fully set forth.

9. The underinsured motorist was careless and negligent in the operation of her vehicle so as to cause this collision resulting in serious and permanent injuries and damages to Plaintiff, Edward Mitchell.

10. The aforesaid motor vehicle accident was caused solely by reason of the negligence, carelessness and/or recklessness of the underinsured motorist and in addition to the aforementioned, consisted of the following:

    a)     Operating a motor vehicle at a high and dangerous rate of speed under the circumstances;

    b)     Failing to have a motor vehicle under proper control at that time;

    c)     Failure to use the highest degree of skill in the operation of a motor vehicle;

    d)     Failing to keep a proper lookout for others including other vehicles, lawfully travelling upon the roadway;

    e)     Continuing to operate a vehicle in a direction toward the vehicle occupied by Plaintiff, **EDWARD MITCHELL,** when Defendant, **EMELDA SAMA NYONKA,** saw, or in the exercise of reasonable diligence should have seen that further operation in that direction would result in a collision;

    f)     Failing to stop the motor vehicle upon the shortest possible notice;

    g)     Operating a motor vehicle in violation of the laws and ordinances of County of Montgomery and Commonwealth of Pennsylvania including 1501(A) of the Pennsylvania Motor Vehicle Code;

    h)     Violating the assured clear distance ahead rule; and,

    i)     Failing to yield the right of way to Plaintiff's vehicle.

11. As a direct and proximate result of the negligence of the underinsured motorist, Plaintiff, Edward Mitchell, suffered and will continue to suffer from severe and permanent injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body.

12. On the date of the aforesaid collision, the vehicle driven by Emelda Sama Nyonka, was insured, but with a policy of $15,000.00, which coverage is inadequate coverage to fully compensate the Plaintiff herein for the injuries and damages he sustained and, thus, that vehicle and its driver were underinsured.

13. On the date of the aforesaid collision, Plaintiff, Edward Mitchell's motor vehicle was insured under a policy of insurance issued by Defendant, Geico, with underinsured motorist limits of $300,000.00 per person and $300,000.00 per accident with stacking of three vehicles for a total of $900,000.00 per person and $900,000.00 per accident..

14. On or about April 29, 2025, Plaintiff requested that the Defendant, Geico, give Plaintiff its consent to settle with the underinsured tortfeasor and asserted a claim for underinsured motorist benefits. The claim for underinsured motorist benefits settled on May 6, 2025.

## COUNT I – BREACH OF CONTRACT
## EDWARD MITCHELL v. GEICO

15. Plaintiff, Edward Mitchell, incorporates by reference the allegations contained in Paragraphs 1 through 14, inclusive, of this Complaint as though the same were set forth herein more fully at length.

16. The aforesaid accident was the direct and proximate result of the carelessness and negligence of the underinsured motorist and was due in no part to any act or failure to act on the part of Plaintiff, Edward Mitchell.

17. As direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, the Plaintiff, Edward Mitchell, suffered serious, painful and permanent bodily injuries including but not limited to chronic pain, significant cervical disc protrusion, cervical strain and sprain, cervicalgia, lumbar strain and sprain, lumbar disc displacement, lumbago, status post, cervical interlaminar epidural injection, as well as mental anguish, severe and substantial emotional distress and loss of the capacity for the enjoyment of life.

18. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Edward Mitchell, was, is and will be required to undergo medical

treatment and incur medical costs and expenses in order to alleviate said injuries, pain and suffering.

19. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Edward Mitchell, was, is and will be precluded from engaging in his normal activities and pursuits.

20. The medical documentation Plaintiff has provided to Geico establishes that as a result of the accident caused by the underinsured motorist, Plaintiff, Edward Mitchell, sustained permanent injuries resulting in permanent residual disability.

21. Defendant has ignored or has acted with reckless indifference to the proofs submitted by Plaintiff, Edward Mitchell, which clearly establish Plaintiff's entitlement to underinsured motorist benefits.

22. Defendant, Geico, has never had Plaintiff, Edward Mitchell, examined by any physician and, therefore, has no medical evidence or documentation of its own to refute Plaintiff's medical evidence which clearly establishes that Plaintiff's injuries.

23. Despite having no medical evidence of its own to refute Plaintiff, Edward Mitchell's medical evidence, Defendant, Geico, without any justification, refused to pay Plaintiff's underinsured motorist benefits under the policy issued to Plaintiff, requiring Plaintiff to file suit to obtain those benefits.

24. Further, Plaintiff, Edward Mitchell has accumulated medical bills and expenses which are or may be recoverable from the underinsured motorist policy herein.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant, Geico, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit.

## JURY DEMAND

Plaintiff herein demands a jury trial.

           Respectfully submitted,

           **TABAKINWOLFE, LLP**

BY: _/s/ Brad S. Tabakin_
      BRAD S. TABAKIN, ESQUIRE
      Attorney I.D. NO. 65649
      brad@twnlegal.com

BY: _/s/ Richard A. Wolfe_
      RICHARD A. WOLFE, ESQUIRE
      Attorney I.D. NO. 78944
      rich@twnlegal.com

      Office Court at Blue Bell
      587 Skippack Pike, Suite 300
      Blue Bell, PA 19462
      (215) 525-1616 – phone
      (215) 525-5858 – facsimile

      *Attorneys for Plaintiff,*
      *Edward Mitchell*